## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ABE LOWE, III | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: |
| | * | |
| CHALMETTE REFINING LLC, | * | JUDGE: |
| EXXONMOBIL OIL CORPORATION, | * | |
| EXXONMOBIL DBA | * | MAGISTRATE: |
| EXXONMOBIL REFINING & SUPPLY | * | |
| | * | |
| | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

### TO THE JUDGES OF THIS HONORABLE COURT:

Defendant, Exxon Mobil Corporation ("ExxonMobil"), improperly identified as ExxonMobil Oil Corporation, files this Notice of Removal pursuant to 28 U.S.C § 1331, 28 U.S.C § 1332, 28 U.S.C. § 1367, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and avers as follows:

### I.

### PROCEDURAL REQUIREMENTS FOR REMOVAL

1.

Plaintiff Abe Lowe, III instituted this civil action by filing a Petition for Damages in the 34th Judicial District Court for St. Bernard Parish, Louisiana on July 17, 2017 (the "State Court Action").

2.

ExxonMobil was named as a defendant and was served with the Petition on August 15, 2017.

3.

ExxonMobil received an extension of time to file responsive pleadings in the State Court Action until September 29, 2017.

4.

Pursuant to 28 U.S.C. § 1446(a), ExxonMobil has attached a copy of the entire suit record in the State Court Action, including the citation, Petition, and all other process, pleadings, and orders served upon each defendant. *See* State Action Record, attached hereto as **Exhibit 1**, *in globo*.

5.

Improperly joined defendant, Chalmette Refining, LLC, is not required to consent to removal. *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993), *cert. denied*, 510 U.S. 868 (1993). However, Chalmette Refining, LLC has consented to removal. *See* Chalmette Refining, LLC's Consent to Removal, attached hereto as **Exhibit 2**.

6.

This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(2)(b) because it has been filed within thirty days of service of Plaintiff's Petition on ExxonMobil. *See* Service Return on ExxonMobil, contained in **Exhibit 1**.

7.

The United States District Court for the Eastern District of Louisiana, which is the federal judicial district court embracing the 34th Judicial District Court for St. Bernard Parish, Louisiana, has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 28 U.S.C. § 1332.

8.

As required by 28 U.S.C. § 1446(d), ExxonMobil will promptly file a Notice of Filing Notice of Removal, with a copy of this Notice of Removal attached, with the Clerk of the 34th Judicial District Court for St. Bernard Parish, Louisiana, and also will provide written notice to Plaintiff. *See* Copy of Notice of Filing Notice of Removal, attached hereto as **Exhibit 3**.

9.

In filing this Notice of Removal, ExxonMobil hereby reserves any and all rights to assert, as defenses to Plaintiff's Petition for Damages, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure and by Louisiana law, as well as all other jurisdictional, procedural and venue defenses to the merits of the action.

10.

ExxonMobil hereby reserves the right to amend or supplement this Notice of Removal.

## II.

## <u>NATURE OF PLAINTIFF'S CLAIMS</u>

11.

In this action, Plaintiff alleges that he was hired by ExxonMobil to work at the Chalmette Refinery on July 31, 2006. *See* **Exhibit 1**, Pet. at ¶3. He claims that he was involved in a work-related accident on March 30, 2015 and that he was out of work receiving short-term disability benefits when the refinery was sold and transferred to PBF Energy. *Id.* at ¶¶4, 5. Plaintiff claims that all employees at the refinery were told that they would be given the option to select a lump sum payment of their accrued pension benefits in connection with the sale of refinery. *Id.* at ¶6.

12.

Plaintiff alleges that ExxonMobil prematurely terminated his employment on August 8, 2016 "under the theory that [he] had exhausted all of the short-term disability due to him under [ExxonMobil's] policy." *Id*. at ¶13. Plaintiff claims that he was improperly denied short- and long-term disability benefits. *Id*. at ¶¶18, 19. He also claims that he demanded, but did not receive, a lump sum pension payment to which he claims he was entitled. *Id*. at ¶15.

13.

In addition to seeking to recover disability and pension benefits, Plaintiff claims that he is entitled to reimbursement of COBRA and life insurance premiums that he paid while he was out of work receiving disability benefits because he contends that the injury causing his disability was work-related and should have been covered by workers' compensation. *Id*. at ¶¶22, 23. Finally, Plaintiff alleges that ExxonMobil failed to pay him accrued vacation to which he was entitled when it terminated his employment. *Id*. at ¶¶8, 21.

14.

ExxonMobil is the plan sponsor of the ExxonMobil Disability Plan and the ExxonMobil Pension Plan, which provide disability and retirement benefits to ExxonMobil employees who are plan participants. During his employment with ExxonMobil, Plaintiff was a participant in ExxonMobil's Disability Benefit Plan and in ExxonMobil's Pension Plan. Plaintiff's entitlement to the disability and pension benefits that he seeks is governed by the terms of ExxonMobil's Disability Benefit Plan and ExxonMobil's Pension Plan. Accordingly, Plaintiff's claims against ExxonMobil arise, in part, under 29 U.S.C. § 1132(a)(1)(B), which permits a beneficiary of an employer's benefit plan to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify rights to future benefits

under the terms of the plan." *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) ("This provision is relatively straightforward. If a participant or beneficiary believes that benefits promised to him under the terms of the plan are not provided, he can bring suit seeking provision of those benefits.").

## III.

## FIRST BASIS OF REMOVAL – FEDERAL QUESTION JURISDICTION

### 15.

This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because it presents a federal question concerning a cause of action created by federal law and Plaintiff's right to relief necessarily depends upon the resolution of a substantial question of federal law. Specifically, Plaintiff alleges that ExxonMobil failed to pay him certain disability and pension benefits. *See* **Exhibit 1**, Pet. at ¶¶13, 15, 18, 19, 22, 23. Because Plaintiff's claims "relate to" ExxonMobil's disability benefit plan and pension plan, they are preempted by federal law pursuant to 29 U.S.C. §1441(c).

### 16.

Ordinarily, removal under 28 U.S.C. § 1441 requires that the complaint reflect on its face that a claim stated there arises under federal law; however, "there is an exception to the well-pleaded complaint rule . . . '[w]hen a federal statute wholly displaces the state-law cause of action through complete preemption." *Davila,* 542 U.S. at 217.  In these cases, where complete preemption operates, "the state law claim can be removed." *Id.* This is so because "[w]hen the federal statute completely preempts the state law cause of action, a claim which comes within the scope of that [federal] cause of action, even if pleaded in terms of state law, is in reality based on

federal law." *Id.* at 208. The Employer Retirement Security Act ("ERISA"), which governs employee welfare benefit plans and employee pension benefit plans, "is one of these statutes." *Id.* (explaining that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement [provisions] conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted."); *see also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) ("Congress has clearly manifested an intent to make causes of action with the scope of the civil enforcement provisions of § 502(a) removable to federal court.").

17.

Because Plaintiff has pleaded claims that are completely preempted by ERISA, this Court has jurisdiction over his claims and they are properly removed pursuant to 28 U.S.C. § 1441.

18.

This Court also has supplemental jurisdiction over Plaintiff's state law vacation claim under 28 U.S.C. § 1367(a) because this claim is so related to the ERISA claims in this action, within the Court's original jurisdiction, because it also arises from payments allegedly due to Plaintiff from his employer. Accordingly, Plaintiff's state law vacation claim forms part of the same case or controversy as his ERISA claims under Article III of the United States Constitution.

## IV.

## SECOND BASIS OF REMOVAL – DIVERSITY JURISDICITON

19.

This Court also has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and ExxonMobil, and Chalmette Refining, LLC has been

improperly joined. It is also facially apparent from the face of Plaintiff's Petition that damages will exceed $75,000.00, exclusive of interest and costs. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir 1999); *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000). Thus, this action may be removed to this Court under 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446.

## CITIZENSHIP OF THE PARTIES

20.

Plaintiff is a citizen of Louisiana. *See* **Exhibit 1**, Petition for Damages.

21.

Defendant, ExxonMobil, is a New Jersey corporation with its principal place of business in Texas. ExxonMobil is therefore a citizen of New Jersey and Texas for purposes of federal diversity jurisdiction. Plaintiff also concedes that ExxonMobil is a foreign corporation. *See* **Exhibit 1**, Pet. at ¶1B.

22.

Defendant, Chalmette Refining, LLC, is a New Jersey limited liability company. Its sole member is PBF Holding Company, LLC, which is a Delaware limited liability company. Thus, it appears that Chalmette Refining, LLC is not a citizen of Louisiana as alleged by Plaintiff. Even if Chalmette Refining, LLC is considered a citizen of Louisiana, its citizenship should be disregarded for the purposes of determining jurisdiction under 28 §§ U.S.C. 1332 and 28 U.S.C. 1441(b) because it has been improperly joined. There is no possibility that Plaintiff will be able to establish liability against Chalmette Refining, LLC under the allegations of the Petition.

Accordingly, Chalmette Refining, LLC has been joined as a defendant solely for the purpose of defeating diversity jurisdiction.

## IMPROPER JOINDER

### 23.

The United States Fifth Circuit Court of Appeals has recognized two tests for establishing improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). Although the jurisdictional facts appear to be false, Chalmette Refining, LLC also has been improperly joined because the Petition for Damages fails to establish a cause of action against Chalmette Refining, LLC in state court.

### 24.

To determine the existence of improper joinder, courts must analyze the causes of action alleged in the petition at the time of removal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). In considering an improper joinder, a court may conduct a Rule 12(b)(6) analysis, looking at the complaint to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood v. Illinois Centrl. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

### 25.

Based on the facts alleged in the Petition for Damages, Plaintiff seeks relief from his employer. Chalmette Refining, LLC, was not Plaintiff's employer. Plaintiff does not allege that Chalmette Refining, LLC was his employer or that he accepted a position with Chalmette

8

Refining, LLC. Rather, Plaintiff pleads that ExxonMobil was his employer at all times and that he is allegedly owed benefits and wages from ExxonMobil. *See* **Exhibit 1**, Pet. at ¶¶3, 5, 13, 18, 19, 20, 22, and 23. Because Chalmette Refining, LLC was not Plaintiff's employer, Plaintiff fails to establish a cause of action against Chalmette Refining, LLC. Thus, Chalmette Refining, LLC has been improperly joined as a defendant.

26.

Discounting the improper joinder of Chalmette Refining, LLC, complete diversity exists between Plaintiff and ExxonMobil pursuant to 28 U.S.C. § 1332, thereby making this case removable under 28 U.S.C. §1441 and 28 U.S.C. §1446(b).

## AMOUNT IN CONTROVERSY

27.

ExxonMobil reasonably believes and avers that the amount in controversy in the above-entitled action, exclusive of interest and costs, will exceed the jurisdictional amount of $75,000 set forth in 28 U.S.C. §1332.

28.

Plaintiff's allegations suggest an amount in controversy in excess of $75,000. Plaintiff alleges that his base salary at the time of termination was $123,238.22. *See* **Exhibit 1**, Pet. at ¶20. He seeks 26 weeks of short-term disability payments, at 100% of his regular salary. *Id.* at ¶18. He also seeks 26 weeks of long-term disability payments, at 50% of his regular salary. *Id.* at ¶19. While these claims alone place Plaintiff's lawsuit over the jurisdictional threshold, he also seeks 210 hours of accrued vacation time, reimbursement of COBRA insurance premiums, reimbursement of life insurance premiums, alleged pension benefits owed to him, and attorneys'

fees, which certainly places Plaintiff's lawsuit well over the jurisdictional amount. *Id.* at ¶¶8, 15
21-23.

## V.

## REMOVAL IS PROPER

29.

With ExxonMobil having shown that federal question jurisdiction exists under 28 U.S.C.
§ 1331, supplemental jurisdiction exists under 28 U.S.C. § 1367, and diversity of citizenship
jurisdiction exists under 28 U.S.C. § 1332, this action is now removed pursuant to 28 U.S.C.
§1441(a) and § 1446(b), as amended.

**WHEREFORE**, ExxonMobil prays that this action be removed from the 34th Judicial
District Court for St. Bernard Parish, Louisiana to the United States District Court for the Eastern
District of Louisiana.

Respectfully submitted,

**ADAMS AND REESE LLP**

*/s/ William K. Wright IV*
Elizabeth A. Roussel (#27943)
Diana C. Surprenant (#33399)
William K. Wright IV (#36736)
Adrienne C. May (#35037)
701 Poydras Street, Suite 4500
New Orleans, Louisiana 70139
Telephone: (504) 585-0432
Facsimile: (504) 566-0210
elizabeth.roussel@arlaw.com
diana.surprenant@arlaw.com
billy.wright@arlaw.com
adrienne.may@arlaw.com
***Attorneys for Exxon Mobil Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2017, a true and correct copy of the

foregoing pleading was sent via facsimile and email to all counsel of record, listed below:

Leo Caillier III, Esq.
CAILLIER & ASSOCIATES, LLC
711 Second Street
Gretna, LA 70053
leo@caillierandassociates.com

Edward F. Harold
FISHER & PHILLIPS, LLP
201 St. Charles Avenue
Suite 3710
New Orleans, Louisiana 70170
eharold@fisherphillips.com

                                        /s/ William K. Wright IV
                                        William K. Wright IV

11