UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LOWE | CIVIL ACTION |
| VERSUS | CASE NO. 17-9080 |
| CHALMETTE REFINING LLC, ET AL. | SECTION: "G"(3) |

## ORDER

Pending before the Court is Defendant ExxonMobil Corporation's ("Defendant") "Motion for Summary Judgment."[1] In this order, the Court addresses Defendant's arguments regarding Plaintiff's ERISA claims for short-term disability benefits, long-term disability benefits, and the option to receive a lump-sum pension payment. However, the Court declines to address Plaintiff's state-law claim for accrued vacation benefits at this time. Having reviewed the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part regarding Plaintiff's ERISA claims and deny in part, at this time, regarding Plaintiff's state law claim for accrual of vacation benefits pending briefing from the parties as to whether the Court is precluded from remanding the state law claim.[2]

## I. Background

Plaintiff Abe Lowe ("Plaintiff") alleges claims under ERISA, arguing that Defendant and Chalmette Refining, LLC wrongfully denied Plaintiff short-term disability ("STD") benefits and long-term disability ("LTD") benefits and denied Plaintiff the option to receive a lump sum

---

[1] Rec. Doc. 43.

[2] In a pre-trial conference held on July 19, 2018, Defendant argued that if the Court grants Defendant's motion for summary judgment regarding Plaintiff's ERISA claims, considering there was diversity jurisdiction at the time of removal, the Court could not remand the state law claim. It is undisputed that at the time of removal, the state law claim did not exceed $75,000. However, the Court will wait until it has had an opportunity to review the parties' briefs before deciding whether it should remand the state-law claim.

1

pension payment.³ Plaintiff also alleges a state-law claim that Defendant and Chalmette Refining, LLC, have not paid Plaintiff's accrued vacation.⁴

Defendant filed the instant motion on June 5, 2018.⁵ Plaintiff filed an opposition to Defendant's motion on July 3, 2018.⁶ Upon order of the Court,⁷ Plaintiff filed an amended opposition to Defendant's motion on July 19, 2018.⁸

## **II. Parties' Arguments**

### *A. Defendant's Arguments in Support of the Motion for Summary Judgment*

In its motion for summary judgment, Defendant first argues that Plaintiff's claims for STD and LTD benefits should be dismissed because Plaintiff has failed to exhaust the available administrative remedies, as required under ERISA.⁹ Moreover, Defendant argues that Plaintiff's STD benefits claim should be dismissed because the Louisiana Fourth Circuit Court of Appeal has already determined that Plaintiff's injury was non-industrial.¹⁰ Defendant asserts that the applicable Disability Plan provided increased STD benefits for an industrial injury, compared to a non-industrial injury, and that Plaintiff's STD benefits claim is predicated on his argument that Defendant misclassified his injury as non-industrial.¹¹ As a result, Defendant argues that Plaintiff

---

³ Rec. Doc. 43-1 at 6.

⁴ *Id.*

⁵ Rec. Doc. 43-1.

⁶ Rec. Doc. 56.

⁷ Rec. Doc. 65.

⁸ Rec. Doc. 66.

⁹ *Id.* at 10 (citing *Bourgeois v. Pension Plan for Emps. of Santa Fe Int'l Corp.*, 215 F.3d 475, 479 (5th Cir. 2000)).

¹⁰ *Id.* at 12 (citing *Lowe v. Exxon Mobil Ref. & Supply*, 2017-0125 (La. App. 4 Cir. 10/04/17); 228 So. 3d 786, 788).

¹¹ *Id.* at 11–12.

cannot recover STD benefits in this case because the issue preclusion rules of Louisiana bar Plaintiff from re-litigating whether his injury is industrial or non-industrial.[12]

Additionally, Defendant asserts that Plaintiff's claim for LTD benefits should be dismissed because Defendant is an improper party to the claim considering Defendant does not have the ultimate decision-making authority over Plaintiff's entitlement to LTD benefits, but rather that the Administrator-Benefits has that authority.[13] Finally, Defendant argues that Defendant has not denied Plaintiff LTD benefits, and Plaintiff is receiving all LTD benefits to which he is entitled.[14]

Defendant also argues that Plaintiff's ERISA claim for pension benefits should be dismissed because Plaintiff has not exhausted his administrative remedies.[15] Moreover, Defendant asserts that it cannot be liable to Plaintiff for pension benefits because the Administrator-Benefits made the determination as to Plaintiff's eligibility for benefits, as opposed to Defendant.[16] Defendant then asserts that Plaintiff was not eligible for a lump-sum pension payment.[17] According to Defendant, qualifying retirees with 15 years of benefit service may be eligible for a lump-sum pension payment; and non-retirees may be eligible if their termination was due to a sale of assets to a buyer, to an outsourcing of a business operation to an outsourcing company, or if the person receives a severance benefit under the ExxonMobil Special Program of Severance Allowances.[18]

---

[12] *Id.* (citing *In re Keaty*, 397 F.3d 264, 270 (5th Cir. 2005)).

[13] *Id.* at 13 (citing *Briscoe v. Energy Transfer Partners, LP*, No. 14-00433, 2016 U.S. Dist. LEXIS 35625, at *11-12 (M.D. La. Mar. 18, 2016)).

[14] *Id.* at 14–15.

[15] *Id.* at 16 (citing *Bourgeois*, 215 F.3d at 479).

[16] *Id.* at 16–17.

[17] *Id.* at 17–18.

[18] *Id.* at 17.

Defendant argues that considering Plaintiff did not meet these requirements, Plaintiff was not eligible for a lump-sum payment.[19] Finally, Defendant asserts that Plaintiff did not timely request an option form of lump-sum pension benefit, so "he was never 'denied' a benefit."[20]

### B. *Plaintiff's Amended Opposition to Defendant's Motion*

Plaintiff first argues that Defendant does have the authority to decide an employee's eligibility for pension benefits, as Defendant made employment-related decisions that affected Plaintiff's eligibility for pension benefits.[21] Moreover, Plaintiff argues that "equity requires that the Plan Administrator and [Defendant] partnership [be] treated as fiduciaries of the plan."[22] Finally, Plaintiff asserts that a conflict-of-interest may have played a role in the benefits denial because Defendant's decision to classify Plaintiff's termination as disability-related, which prevented him from receiving a lump-sum payment, was made "in connection with the sale of Chalmette Refinery which involved hundreds of millions of dollars of assets and hundreds of employees," and therefore, he is entitled to the lump-sum payment.[23]

Plaintiff further asserts that the present action exists because of adverse determinations to Plaintiff under the disability and pension plans.[24] Moreover, Plaintiff argues that he was denied the ability to apply for lump sum pension benefits because he was told that the option was not

---

[19] *Id.*

[20] *Id.* at 18.

[21] Rec. Doc. 66 at 4.

[22] *Id.*

[23] *Id.*

[24] *Id.*

4

available to him.[25] Therefore, Plaintiff asserts that any attempt to exhaust administrative remedies would have been futile.[26]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[27] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[28] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[29] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[30] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[31]

---

[25] *Id.* at 5.

[26] *Id.*

[27] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[28] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[29] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[30] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[31] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[32] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[33] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[34] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[35] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.

## IV. Analysis

Defendant argues that Plaintiff's ERISA claims should be dismissed because Plaintiff has failed to exhaust his administrative remedies.[36] Moreover, Defendant asserts that Plaintiff is not eligible for STD benefits because the Louisiana Fourth Circuit Court of Appeal has already determined that Plaintiff's injuries were non-industrial.[37] Defendant also asserts that it has not denied Plaintiff LTD benefits.[38] Last, Defendant argues that Plaintiff is not eligible for a lump sum

---

[32] *Celotex*, 477 U.S. at 323.

[33] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[34] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[35] *Little*, 37 F.3d at 1075.

[36] Rec. Doc. 43-1 at 10, 16.

[37] *Id.* at 12 (citing *Lowe*, 228 So. 3d at 786).

pension benefit payment because the reason for his termination was that he was disabled and unable to return to work.[38] In opposition, Plaintiff argues that he was informed at some point he was not eligible for lump sum pension benefit payment, so any attempt to exhaust the administrative remedies would have been futile.[40] Plaintiff also does not dispute that he continues to receive LTD benefits under the Disability Plan.[41] Last, Plaintiff argues that a conflict-of-interest may have played a role in the reason Defendant gives for Plaintiff's termination.[42]

First, the Court will address Defendant's argument that Plaintiff did not exhaust the available administrative remedies. The Fifth Circuit requires that "claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits."[43] Moreover, a plaintiff's failure to exhaust administrative remedies provides grounds for dismissal.[44]

Here, Plaintiff has not exhausted the available administrative remedies for benefits under the applicable ERISA plans. Although Plaintiff does not dispute that he has not exhausted the available administrative remedies, Plaintiff asserts that he was informed that he was not eligible for lump sum payment for pension benefits, and therefore, pursuing administrative remedies would have been futile. However, Plaintiff is unable to point to any evidence in the record to support his allegation of futility. As a result, Plaintiff's argument is an "unsubstantiated assertion" that is

---

[38] *Id.* at 14.

[39] *Id.* at 17.

[40] Rec. Doc. 66 at 5.

[41] *Id.* at 2.

[42] *Id.* at 4.

[43] *Bourgeois*, 215 F.3d at 479.

[44] *See, e.g., McNealy v. Becnel*, 2016 U.S. Dist. LEXIS 143239, at *49-50 (E.D. La. Oct. 17, 2016).

7

insufficient to preclude a grant of summary judgment.⁴⁵ Therefore, the Court finds that Plaintiff's failure to exhaust the available administrative remedies is grounds for dismissal of his ERISA claims.

Next, the Court will address Defendant's argument that Plaintiff is not eligible for STD benefits because his injuries have been classified as non-industrial. Here, even if Plaintiff had exhausted the available administrative remedies for STD benefits, he does not dispute that the Louisiana Fourth Circuit Court of Appeal has already determined that his injuries were non-industrial. As a result, according to the applicable Disability Plan, Plaintiff is precluded from recovering additional STD benefits. Plaintiff does not dispute this fact

In the motion for summary judgment, Defendant also argues that Plaintiff has not been denied LTD benefits, so Plaintiff has no claim for LTD benefits. In his amended opposition, Plaintiff does not dispute that he continues to receive LTD benefits that are available under the applicable Disability Plan.⁴⁶ Therefore, Plaintiff does not dispute Defendant's argument that Plaintiff has not been denied LTD benefits.

Finally, the Court will address Defendant's argument that Plaintiff was not eligible for a lump sum payment of pension benefits because his employment was terminated due to his disability, not because of the sale of assets. In his opposition, Plaintiff argues that there may be a conflict-of-interest in Defendant's classification of Plaintiff's termination, as the decision was made in connection with the sale of the Chalmette Refinery. Here, Plaintiff fails to cite any evidence in the record that supports his assertion that he was actually terminated because of the sale of the Chalmette Refinery to a buyer. Moreover, Defendant points to evidence in the record

---

⁴⁵ *See Little*, 37 F.3d at 1075.

⁴⁶ Rec. Doc. 66 at 2.

showing that Plaintiff was declared ineligible for lump-sum payment of pension benefits because of the termination of his employment due to disability eight months *after* Defendant sold the Chalmette Refinery to PBF Holding Co., LLC.[47] Thus, Plaintiff's argument in opposition is an "unsubstantiated assertion," which is insufficient to demonstrate the existence of a genuine issue of material fact.[48] Furthermore, Plaintiff remains eligible for the payment of pension benefits even if he was not allowed to receive a lump-sum payment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Summary Judgment" is **GRANTED** to the extent that it requests dismissal of Plaintiff's ERISA claims for benefits and **DENIED**, at this time, to the extent that it requests dismissal of Plaintiff's state-law claim for accrued vacation benefits, pending the Court's review of additional briefing.

**IT IS FURTHER ORDERED** that Defendants provide additional briefing within three days of issuance of this order regarding whether the Court *must* retain jurisdiction over the state law claim after dismissal of the ERISA claims. Plaintiff may reply to Defendants' briefing within six days of issuance of this order.

**NEW ORLEANS, LOUISIANA**, this 20th day of July, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[47] Rec. Doc. 43-3 at 16; Rec. Doc. 43-4 at 2.
[48] *See Little*, 37 F.3d at 1075.

9