**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LOWE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-9080** |
| **CHALMETTE REFINING LLC, ET AL.** | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is Defendant ExxonMobil Corporation's ("Defendant") "Motion for Summary Judgment."[1] In the motion for summary judgment, Defendant seeks dismissal of Plaintiff's ERISA claims and Plaintiff's state law claim for accrued vacation benefits.[2] In an Order dated July 20, 2018, the Court granted the motion to the extent it sought dismissal of Plaintiff's ERISA claims for short-term disability benefits, long-term disability benefits, and the option to receive a lump-sum payment.[3] The Court also ordered Defendant to provide additional briefing regarding whether the Court must retain jurisdiction over the state law claim after dismissal of the ERISA claims.[4] Having considered the motion, the memoranda in support and opposition, the supplemental briefing regarding jurisdiction, the record and the applicable law, the Court will grant the motion to the extent it seeks dismissal of the state law claim.

## I. Background

Plaintiff Abe Lowe ("Plaintiff") alleges claims under ERISA, arguing that Defendant and Chalmette Refining, LLC, wrongfully denied Plaintiff short-term disability ("STD") benefits and

---

[1] Rec. Doc. 43.

[2] *Id.*

[3] *See* Rec. Doc. 67.

[4] *Id.* at 9.

1

long-term disability ("LTD") benefits and denied Plaintiff the option to receive a lump sum pension payment.[5] Plaintiff also alleges a state-law claim that Defendant and Chalmette Refining, LLC, have not paid Plaintiff's accrued vacation.[6]

Defendant filed the instant motion on June 5, 2018.[7] Plaintiff filed an opposition to Defendant's motion on July 3, 2018.[8] Upon order of the Court,[9] Plaintiff filed an amended opposition to Defendant's motion on July 19, 2018.[10] On July 16, 2018, the Court granted Defendant's motion to the extent that it requested dismissal of Plaintiff's ERISA claims, but denied Plaintiff's motion, at that time, to the extent that it requested dismissal of Plaintiff's state-law claim for accrued vacation benefits.[11] The Court further ordered that the parties provide additional briefing regarding whether the Court *must* retain jurisdiction over the state-law claim after the dismissal of the ERISA claims.[12] On July 23, 2018, Defendant filed additional briefing regarding whether the Court has jurisdiction over Plaintiff's state-law claim.[13]

## II. Parties' Arguments

### A. *Defendant's motion for summary judgment*

Defendant argues that the Court should dismiss Plaintiff's state-law claim for vacation pay

---

[5] Rec. Doc. 43-1 at 6.

[6] *Id.*

[7] Rec. Doc. 43-1.

[8] Rec. Doc. 56.

[9] Rec. Doc. 65.

[10] Rec. Doc. 66.

[11] Rec. Doc. 67 at 9.

[12] *Id.*

[13] Rec. Doc. 72.

2

because Plaintiff was not eligible for any vacation pay from 2016.[14] Defendant asserts that to establish a violation of the Louisiana Wage Payment Act with respect to vacation pay, an employee must show that "he is eligible and has accrued the right to take vacation pay in accordance with the stated policy of the employer."[15] Moreover, according to Defendant, Defendant's "Vacation Guidelines allow an employee to accrue vacation annually based on an employee's length of <u>active employment</u> . . . ."[16] Defendant further asserts that the Vacation Guidelines specifically state that disability status is not active employment.[17]

### B. *Plaintiff's amended opposition to Defendant's motion*

In Plaintiff's amended opposition to Defendant's motion, without any citation to law or the record, Plaintiff argues that the Court should deny Defendant's motion because there remains a question of fact as to whether the enhanced vacation policy entitled Plaintiff to the accrued vacation time.[18] Plaintiff asserts that Defendant "makes no mention of the issue of whether their enhanced vacation policy for experienced hires [is] applicable to [Plaintiff] or how vacation time accrual works in conjunction with the enhanced vacation policy."[19]

### C. *Defendant's additional briefing regarding jurisdiction*

In Defendant's additional briefing, Defendant first argues that the Court has original jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1332.[20] Defendant asserts that the

---

[14] Rec. Doc. 43-1 at 18–20.

[15] *Id.* at 19 (citing *Williams v. Dutchtown Pharmacy, L.L.C.*, 2008-2559 (La. App. 1 Cir. 9/11/09); 24 So. 3d 221-225–26).

[16] *Id.* at 19 (citing Rec. Doc. 43-4 at 6–7, 15).

[17] *Id.* (citing Rec. Doc. 43-4 at 15).

[18] Rec. Doc. 66 at 5.

[19] *Id.*

3

parties are diverse, as Plaintiff is a Louisiana citizen and Defendant is a New Jersey corporation with its principal place of business in Texas.[21] Moreover, Defendant contends that Chalmette Refining, LLC has been improperly joined because Plaintiff's petition fails to establish a cause of action against Chalmette Refining, LLC.[22]

Furthermore, Defendant argues that the amount in controversy exceeds $75,000 in this case.[23] Defendant notes that the amount in controversy is determined at the time of removal.[24] Moreover, "in determining whether the amount-in-controversy requirement has been satisfied, a single plaintiff may aggregate two or more claims against a single defendant, even if the claims are unrelated."[25] Finally, according to Defendant, "the court retains diversity jurisdiction even if 'the amount in controversy falls below the jurisdictional amount.'"[26] Defendant asserts that at the time of removal, it was facially apparent that Plaintiff's aggregated claims exceeded $75,000, as Plaintiff was seeking 26 weeks of short-term disability payments at 100% of his regular salary and 26 weeks of long-term disability payments at 50% of his regular salary.[27] According to Defendant, Plaintiff alleges that his base salary at the time of termination was $123,238.22, so "those claims alone place [Plaintiff's] lawsuit over the jurisdictional threshold.[28]

---

[20] *Id.* at 1.

[21] *Id.*

[22] *Id.* at 2.

[23] *Id.* at 3.

[24] *Id.* (citing *Robinson v. Wal-Mart Stores Tex., L.L.C.*, 561 F. App'x 417, 417–18 (5th Cir. 2014)).

[25] *Id.* (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005) (superseded by statute on other grounds)).

[26] *Id.* at 4 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1180–81 (5th Cir. 1987)).

[27] *Id.* at 5.

[28] *Id.*

Finally, Defendant argues that the Court also has supplemental jurisdiction over Plaintiff's state-law claim and that it would be an abuse of discretion to remand the case to state court.[29] Defendant argues that in *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.*, the Fifth Circuit stated that it is an abuse of discretion for a district court to decline "to exercise jurisdiction over remaining state-law claims following the dismissal of all federal-law claims and [remand] a suit after investing a significant amount of judicial resources in the litigation . . . ."[30]

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[31] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[32] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[33] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[34] The nonmoving party may not rest upon the pleadings, but must identify specific facts in

---

[29] *Id.* at 6.

[30] *Id.* (citing 554 F.3d 595, 602 (5th Cir. 2009)).

[31] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[32] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[33] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[34] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[35]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[36] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[37] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[38] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[39] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.

## IV. Analysis

### A. Whether the Court Should Exercise Supplemental Jurisdiction over Plaintiff's State Law Claim

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims

---

[35] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[36] *Celotex*, 477 U.S. at 323.

[37] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[38] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[39] *Little*, 37 F.3d at 1075.

that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In *Day v. Lockheed Martin Corp.*, the Fifth Circuit recognized that supplemental jurisdiction existed over the plaintiff's state law claims relating to rate of pay, vacation credits, differential pay, back pay, and 401(k) contribution and matching that were not preempted by ERISA.[40]

A district court, in its discretion, may decline to exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c).[41] Pursuant to Section 1367(c), a district court may decline to exercise supplemental jurisdiction over a state law claim if a claim raises a novel or complex issue of state law, the state law claim predominates over the other claims, the district court has dismissed all claims over which it has original jurisdiction, or in other "exceptional circumstances" where there are compelling reasons for declining jurisdiction.[42] A district court's decision to decline to exercise supplemental jurisdiction is reviewed for abuse of discretion.[43]

In *Brookshire Brothers Holding, Inc. v. Dayco Products, Inc.*, the Fifth Circuit stated that it is an abuse of discretion for a district court to decline "to exercise jurisdiction over remaining state-law claims following the dismissal of all federal-law claims and [remand] a suit after investing a significant amount of judicial resources in the litigation . . . ."[44] In that case, there were more than 1,300 entries in the district court docket, the court had decided forty-one dispositive motions, the trial date was continued four times, the parties were in the final preparations for trial, and the remaining state-law claim was not particularly novel or complex.[45]

---

[40] 428 F. App'x 275, 278 (5th Cir. 2011).

[41] 28 U.S.C. § 1367(c).

[42] *Id.*

[43] *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

[44] 554 F.3d 595, 602 (5th Cir. 2009).

[45] *Id.* at 598, 603.

Here, this Court has not invested the same amount of resources into this case, as there are only currently 72 entries in the docket. However, the parties are in the final preparations for trial, which is set for August 6, 2018, and the remaining state-law claim for accrued vacation pay is not particularly complex. Thus, it may be an abuse of discretion for the Court to remand the remaining state-law claim. Accordingly, the Court will exercise its supplemental jurisdiction over Plaintiff's state-law claim and will address Defendant's argument for summary judgment regarding the claim. Considering that the Court has supplemental jurisdiction over Plaintiff's state-law claim, it is unnecessary to evaluate Defendant's argument that the Court has original jurisdiction over Plaintiff's state-law claim.

### B. *Whether Defendant is Entitled to Summary Judgment on Plaintiff's State Law Claim*

Defendant argues that the Court should dismiss Plaintiff's state-law claim for vacation pay because Plaintiff was not eligible for any vacation pay from 2016.[46] Plaintiff argues that the Court should deny Defendant's motion because there remains a question of fact as to whether the enhanced vacation policy entitled Plaintiff to the accrued vacation time.[47]

The Louisiana Wage Payment Act ("LWPA") requires an employer to pay a discharged employee "the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first."[48] Under the LWPA, vacation pay may be an amount due "in accordance with the stated vacation policy of the person employing such laborer

---

[46] Rec. Doc. 43-1 at 18–20.

[47] Rec. Doc. 66 at 5.

[48] La. Rev. Stat. § 23:631(A)(1)(a).

or other employee" if certain conditions are met.[49]

Here, Defendant's Vacation Guidelines state that "[a]n employee must be actively employed at least one day of a month following a short term disability absence to earn vacation."[50] Defendant points to both the Declaration of Ashley Marshall and Plaintiff's own deposition testimony to establish that Plaintiff was either on short-term disability leave or leave without pay throughout 2016.[51] The Declaration of Ashley Marshall, who is a Human Resources Supervisor for Defendant, states that "[t]he last day [Plaintiff] actively worked for [Defendant] at the Chalmette Refinery was September 26, 2015."[52] Moreover, in his own deposition, Plaintiff states, "I didn't go to Chalmette Refinery in 2016."[53] Therefore, Defendant contends that this evidence demonstrates that Plaintiff was not actively employed by Defendant at the Chalmette Refinery in 2016.[54] Accordingly, Defendant has met its initial responsibility of identifying portions of the record that demonstrate the absence of a genuine issue of material fact by showing that Plaintiff was not eligible for vacation pay according to Defendant's Vacation Guidelines.[55]

In his opposition, Plaintiff does not argue that he actively worked for Defendant in 2016.[56]

---

[49] *See* La. Rev. Stat. § 23:631(D)(1).
> Vacation pay will be considered an amount due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
> (a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
> (b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.

[50] *Id.* at 19 (citing Rec. Doc. 43-4 at 6–7, 15).

[51] Rec. Doc. 43-1 at 20.

[52] Rec. Doc. 43-4 at 2.

[53] Rec. Doc. 43-3 at 21.

[54] Rec. Doc. 42-1 at 20.

[55] *See Celotex*, 477 U.S. at 323.

[56] Rec. Doc. 66 at 5.

Rather, Plaintiff argues that he may be eligible for vacation time due to Defendant's "enhanced vacation policy."[57] However, Plaintiff fails to identify the "enhanced vacation policy" or describe what it entails.[58] Plaintiff also fails to cite any evidence in the record that supports his assertion that Defendant's "enhanced vacation policy" may have entitled him to vacation time,[59] despite previously being given the opportunity to file an amended opposition.[60] Thus, Plaintiff's argument in opposition is an "unsubstantiated assertion," which is insufficient to demonstrate the existence of a genuine issue of material fact.[61]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant ExxonMobil Corporation's ("Defendant") "Motion for Summary Judgment" is **GRANTED** to the extent that it requests dismissal of Plaintiff's remaining state-law claim.

**NEW ORLEANS, LOUISIANA**, this 26th day of July, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[57] *Id.*

[58] *Id.*

[59] *See id.*

[60] Rec. Doc. 65.

[61] *See Little*, 37 F.3d at 1075.