UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LOWE** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-9080** |
| **CHALMETTE REFINING LLC, ET AL.** | **SECTION: "G"(3)** |

## ORDER

Pending before the Court is Defendant Chalmette Refining LLC's ("Chalmette Refining") "Motion for Summary Judgment."[1] Having considered the motion, the memoranda in support and opposition, the record and the applicable law, the Court will grant the motion.

### I. Background

Plaintiff Abe Lowe ("Plaintiff") alleges claims under the Employee Retirement Income Security Act ("ERISA"), arguing that ExxonMobil Corporation ("Exxon") and Chalmette Refining, wrongfully denied Plaintiff short-term disability ("STD") benefits and long-term disability ("LTD") benefits and denied Plaintiff the option to receive a lump sum pension payment.[2] Plaintiff also alleges a state-law claim that Exxon and Chalmette Refining have not paid Plaintiff's accrued vacation.[3]

Chalmette Refining filed the instant motion on June 5, 2018.[4] Plaintiff filed an opposition to Chalmette Refining's motion on July 3, 2018.[5]

---

[1] Rec. Doc. 45.

[2] Rec. Doc. 1-2 at 3.

[3] *Id.* at 4.

[4] Rec. Doc. 45.

[5] Rec. Doc. 57.

1

## II. Parties' Arguments

### A. *Chalmette Refining's Arguments in Support of Motion for Summary Judgment*

Chalmette Refining argues that it is entitled to summary judgment dismissing Plaintiff's ERISA claims because it was not a plan sponsor or plan administrator of Plaintiff's benefit plan.[6] Chalmette Refining asserts that there are only three proper defendants to a benefits claim under ERISA: the plan itself, the plan sponsor, and the plan administrator.[7] Here, Chalmette Refining contends that the plan sponsor and plan administrator positions are held by Exxon or its employees.[8] Therefore, Chalmette Refining argues that the ERISA claims against Chalmette Refining must be dismissed.[9]

Next, Chalmette Refining asserts that Plaintiff's state-law vacation pay claim must be dismissed because Chalmette Refining never employed Plaintiff.[10] According to Chalmette Refining, Plaintiff's belief that Chalmette Refining employed him is grounded in the belief that he received paychecks with the moniker "Exxon Mobil Chalmette Refining LLC."[11] However, Chalmette Refining states that Plaintiff has not produced any documentation to support this assertion.[12] Moreover, Chalmette Refining states that it offered Plaintiff employment in 2015, which it contends shows that Plaintiff was not an employee of Chalmette Refining up to that

---

[6] Rec. Doc. 45-1 at 1–2.

[7] *Id.* at 5 (citing *Musmeci v. Schegmann Giant Super Mkts, Inc.*, 332 F.3d 339, 350 (5th Cir. 2003)).

[8] *Id.*

[9] *Id.* at 6.

[10] *Id.*

[11] *Id.*

[12] *Id.*

2

point.[13]

Chalmette Refining also notes that Exxon has admitted that it employed Plaintiff, and Plaintiff testified during his deposition that vacation claims arise out of his employment agreement with Exxon.[14] Accordingly, Chalmette Refining contends that the motion for summary judgment should be granted.[15]

### B. *Plaintiff's Arguments in Opposition to Chalmette Refining's Motion*

In opposition, Plaintiff asserts that he was employed by both Exxon and Chalmette Refinery.[16] Specifically, Plaintiff contends that "[t]hrough the course of his employment at the Chalmette Refinery [Plaintiff] believed that he was employed by both ExxonMobil and Chalmette Refining LLC, as the monikers were used interchangeably in communications from Management related to all employment issues including pay and benefits matters."[17] Plaintiff contends that "the parties clearly dispute whether Chalmette Refining LLC is a proper party and neither party offers more than self-serving statements in support of their respective position."[18] Furthermore, Plaintiff asserts that Chalmette Refining relies too heavily on the fact it offered him employment in 2015 as definitive proof that he was not employed by Chalmette Refining before that date.[19] Accordingly, Plaintiff argues that the motion for summary judgment should be denied.[20]

---

[13] *Id.* at 7.

[14] *Id.*

[15] *Id.* at 8.

[16] Rec. Doc. 57 at 1.

[17] *Id.* at 1–2.

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.* at 1–2.

3

## III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[22] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[23] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[24] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[25]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact.[26] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence

---

[21] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[22] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[23] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[24] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

[25] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

[26] *Celotex*, 477 U.S. at 323.

supports his claims.[27] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[28] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[29] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party.

### IV. Analysis

#### A. Whether Chalmette Refining is Entitled to Summary Judgment on Plaintiff's ERISA Claims?

Chalmette Refinery first argues that it is entitled to summary judgment dismissing Plaintiff's ERISA claims because it was not a plan sponsor or plan administrator of Plaintiff's benefit plan.[30] The Fifth Circuit has recognized that while the plain language of the statute "suggests that the plan is the only proper party defendant" in an action seeking benefits under ERISA, "the plan beneficiaries can sue the employer when it was the employer's decision to deny benefits and when the employer is the plan administrator or sponsor."[31]

In this case, Chalmette Refinery points to Exxon's motion for summary judgment, wherein Exxon acknowledges that it is the plan sponsor of the disability plan, and an affidavit of Susan

---

[27] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994).

[28] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1996)).

[29] *Little*, 37 F.3d at 1075.

[30] Rec. Doc. 45-1 at 1–2.

[31] *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 350 (5th Cir. 2003) (internal citations omitted).

Perkins, wherein she acknowledges that she is the administrator of the plan.[32] Accordingly, Chalmette Refining has met its initial responsibility of identifying portions of the record that demonstrate the absence of a genuine issue of material fact by showing that it was not the plan sponsor or administrator.[33] In his opposition, Plaintiff does not argue that Chalmette Refining was the plan sponsor or administrator. Instead, he contends that he was employed by both Exxon and Chalmette Refining. Because Plaintiff does not point to any evidence showing that it was Chalmette Refining's decision to deny benefits or that Chalmette Refining was the plan administrator or sponsor, there is no genuine issue of material fact and Chalmette Refining is entitled to judgment as a matter of law.

### B. *Whether Defendant is Entitled to Summary Judgment on Plaintiff's State Law Claim*

Chalmette Refinery also seeks summary judgment on Plaintiff's state law vacation pay claim because Chalmette Refinery asserts that it never employed Plaintiff.[34] Chalmette Refining notes that Exxon has admitted that it employed Plaintiff, and Plaintiff testified during his deposition that vacation claims arise out of his employment agreement with Exxon.[35]

The Louisiana Wage Payment Act ("LWPA") requires an employer to pay a discharged employee "the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or no later than fifteen days following the date of discharge, whichever occurs first."[36] Under the LWPA, vacation pay may be

---

[32] Rec. Doc. 45-1 at 2–3.

[33] *See Celotex*, 477 U.S. at 323.

[34] Rec. Doc. 45-1 at 6.

[35] *Id.* at 7.

[36] La. Rev. Stat. § 23:631(A)(1)(a).

an amount due "in accordance with the stated vacation policy of the person employing such laborer or other employee" if certain conditions are met.[37]

Here, Chalmette Refinery has met its initial responsibility of identifying portions of the record that demonstrate the absence of a genuine issue of material fact by showing that Chalmette Refining did not employ Plaintiff at the relevant time period and that Plaintiff's vacation claims arise out of his employment agreement with Exxon.[38] In his opposition, Plaintiff does not argue that the vacation claims arise out of an employment agreement with Chalmette Refining. Instead, he contends that he was employed by both Exxon and Chalmette Refining. Because Plaintiff does not point to any evidence showing that he had an employment agreement with Chalmette Refining giving rise to his vacation pay claim, there is no genuine issue of material fact and Chalmette Refining is entitled to judgment as a matter of law.

Accordingly,

---

[37] *See* La. Rev. Stat. § 23:631(D)(1).
    Vacation pay will be considered an amount due only if, in accordance with the stated vacation policy of the person employing such laborer or other employee, both of the following apply:
        (a) The laborer or other employee is deemed eligible for and has accrued the right to take vacation time with pay.
        (b) The laborer or other employee has not taken or been compensated for the vacation time as of the date of the discharge or resignation.

[38] *See Celotex*, 477 U.S. at 323.

**IT IS HEREBY ORDERED** that Defendant Chalmette Refining LLC's "Motion for Summary Judgment"[39] is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 26th day of July, 2018.

_____
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[39] Rec. Doc. 45.